UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 Proceeding |
| | ) | |
| **DANFORD BENNETT,** | ) | Case No. **21-09359** |
| | ) | |
| | ) | Honorable Timothy A. Barnes |
| Debtor. | ) | |

**NOTICE OF MOTION**

TO: See attached list

PLEASE TAKE NOTICE that on **Monday, August 30, 2021, at 1:00 p.m.** I will appear before the Honorable Timothy A. Barnes, or any judge sitting in that judge's place, and present the **UNITED STATES TRUSTEE'S MOTION TO EXAMINE FEES PAID TO ATTORNEY PURSUANT TO 11 U.S.C. § 329(b) AND FOR OTHER RELIEF**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 161 329 5276 and the password is 433658. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

/s/ Spencer Ezell
Spencer Ezell, Attorney
United States Department of Justice
Office of the United States Trustee
219 South Dearborn, Room 873
Chicago, Illinois 60604
(262) 613-8737

1

## CERTIFICATE OF SERVICE

I, Spencer C. Ezell, Trial Attorney, certify that on August 17, 2021 I caused to be served copies of the **UNITED STATES TRUSTEE'S MOTION TO EXAMINE FEES PAID TO ATTORNEY PURSUANT TO 11 U.S.C. § 329(b) AND FOR OTHER RELIEF** on the ECF Registrants shown below *via* the Court's Electronic Notice for Registrants and *via* First Class US Mail by BMC Group on all other entities shown at the addresses listed below. A supplement to this Certificate of Service from BMC Group will be filed.

*/s/ Spencer C. Ezell*

## SERVICE LIST

**Registrants Served Through the Court's Electronic Notice for Registrants:**

- **Alex D Moglia**     amoglia@mogliaadvisors.com, IL31@ecfcbis.com
- **Eric D Oppliger**     eoppliger@semradlaw.com, ilnb.courtview@SLFCourtview.com

**U.S. First Class Mail Service List:**

Danford Bennett
836 Rose Ln
Matteson, IL 60443

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 Proceeding |
| | ) | |
| **DANFORD BENNETT,** | ) | Case No. **21-09359** |
| | ) | |
| | ) | Honorable Timothy A. Barnes |
| Debtor. | ) | |

### UNITED STATES TRUSTEE'S MOTION TO EXAMINE FEES PAID TO ATTORNEY PURSUANT TO 11 U.S.C. § 329(b) AND FOR OTHER RELIEF

NOW COMES PATRICK S. LAYNG, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by and through his attorney, Spencer C. Ezell, and moves this Court, pursuant to 11 U.S.C. § 329 and Rule 2017 of the Federal Rules of Bankruptcy Procedure, to examine the fees paid to attorney Eric Oppliger in connection with this case and for other relief. In support thereof, the U.S. Trustee respectfully states to the Court as follows:

### JURISDICTION

1. The Court has jurisdiction to hear and determine this proceeding under 28 U.S.C. § 157(b)(2)(A) and IOP 15(a) and Local Rule 40.3.1 of the United States District Court for the Northern District of Illinois.

2. Movant is the U.S. Trustee for the Northern District of Illinois and is charged with supervising the administration of bankruptcy cases under 28 U.S.C. § 586(a)(3). The U.S. Trustee has standing to bring this Motion under 11 U.S.C. § 307.

3

**BACKGROUND**

3. On August 6, 2021, Danford Bennett (the "Debtor"), through his attorney, Eric Oppliger ("Debtor's Counsel"), filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code.

4. Concurrently with this Motion, the U.S. Trustee is filing a Motion to Object to Debtor's Discharge alleging that, as the Debtor received a discharge in a case filed less than eight years before the commencement of the instant case, the Debtor is not eligible for a discharge pursuant to Section 727(a)(8) of the Bankruptcy Code. The previous case was disclosed on the petition in the current case. *Exhibit A*.

5. Federal Rule of Bankruptcy Procedure 2016 requires debtors to file, within 14 days after the order for relief, the statement required by § 329. Fed. R. Bankr. P. 2016(b).

6. Section 329 of the Bankruptcy Code requires debtors to file "a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." 11 U.S.C. § 329(a).

7. The Debtor has filed a Statement of Compensation as required under Rule 2016 (the "2016 Disclosure") and an Amended Statement of Compensation (the "Amended 2016 Disclosure"). A copy of the 2016 Disclosure is attached hereto as *Exhibit B*. A copy of the Amended 2016 Disclosure is attached hereto as *Exhibit C*. The 2016 Disclosure states that Debtor's Counsel charged the Debtor $1,462.00 for his legal services, of which he received $800.00 prior to filing the petition. *See Exhibit B*. This left a balance due of $662.00 post-petition. *See id.* The

Amended 2016 Disclosure attaches a copy of the post-petition fee agreement between Debtor and Debtor's Counsel. *Exhibit C.*

## RELIEF REQUESTED

8. Section 329(b) of the Bankruptcy Code authorizes this Court to examine the fees paid to an attorney in connection with a bankruptcy case and provides that, to the extent the amounts paid exceed the reasonable value of the services rendered, this Court can cancel any agreement between the debtor and counsel and order the return of any excessive payment. In making this determination, the "Court is to be guided by § 330 which sets forth a number of factors that Congress found relevant to an assessment of value of the services." *In re Gage*, 394 B.R. 184, 191 (Bankr. N.D. Ill. 2008).

9. Considering that the previous case was disclosed on the current case's petition and that, if the Court grants the U.S. Trustee's concurrent Motion to Object to Debtor's Discharge, the Debtor will have received no benefit from this case, the U.S. Trustee requests that this Court order Debtor's Counsel to return all fees received and refund the $335 filing fee for this case.

**WHEREFORE**, the U.S. Trustee respectfully asks the Court to enter an order scheduling a hearing to examine the fees paid to Eric Oppliger in this case under Rule 2017 and 11 U.S.C. § 329 and directing Eric Oppliger to appear at that hearing.

RESPECTFULLY SUBMITTED:
PATRICK S. LAYNG
UNITED STATES TRUSTEE

Dated: August 17, 2021

/s/ *Spencer C. Ezell*
Spencer C. Ezell, Trial Attorney
OFFICE OF THE U.S. TRUSTEE
219 S. Dearborn, Room 873
Chicago, Illinois  60604
(262) 613-8737